IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Case No. 1:26-cv-04067-PAB
(Bankr. No. 26-10040-TBM)

In re:

Justin Brian Gomez,

Debtor.

---

JUSTIN BRIAN GOMEZ,

Appellant,

v.

FIRST SERVICE CREDIT UNION,

Appellee.

---

**ORDER DENYING EMERGENCY MOTION**

---

## I. BACKGROUND

On September 10, 2026, Appellant filed *Appellant's Emergency Motion to Stay September 14, 2026, Evidentiary Hearing and Further Proceedings in the FSCU Contempt Matter Pending Interlocutory Appeal* [Docket No. 6] ("Emergency Motion"). Appellant moves for a "limited stay" of the September 14, 2026 evidentiary hearing in the underlying bankruptcy proceeding, Case No. 26-10040-TBM, pending disposition of

the interlocutory appeal before this Court.[1] This appeal involves the Bankruptcy Court's discovery rulings on August 17, 2026.[2]

## II. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure ("Rule") 8007 provides that this Court may issue a stay of an order pending appeal. Fed. R. Bankr. P. 8007(b). A motion for stay must include the following: "(A) the reasons for granting the relief requested and the facts relied on; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3).

The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009); *see also In re Morreale*, No. 15-cv-0008-WJM, 2015 WL 429502, at *1 (D. Colo. Jan. 30, 2015) (unpublished) ("The burden of proof is on the applicant for a stay pending appeal, and it is a heavy burden."). The Tenth Circuit has adopted the preliminary injunction standard as the standard for granting or denying a stay pending appeal. *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015), *aff'd sub nom.*, *Glossip v. Gross*, 576 U.S. 863 (2015) (adopting the preliminary injunction standard as the standard for granting or denying a stay pending appeal). Thus, a movant seeking a stay pending appeal must show (1) a likelihood of prevailing on the merits; (2) irreparable harm unless a stay is issued; (3) that the threatened injury outweighs the harm that the stay may cause the opposing party; and (4) that the stay, if issued, will not adversely

---

[1] Because Appellant is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Appellant appeals the Bankruptcy Court's *Minutes of Proceeding* [Bankr. Docket No. 69] ("Minutes"), which granted in part and denied in part Appellant's request to compel production of documents and Appellee's motion for a protective order.

affect the public interest. *See Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). The first two factors are the most critical. *Nken*, 556 U.S. at 434. It is not enough that the chance of success on the merits is "better than negligible." *Id.* The mere possibility of success on the merits is insufficient for the likelihood of success factor. *Id.*

**III. ANALYSIS**

Appellant argues that all four factors warranting a stay are met. However, the Court need only consider the first factor, likelihood of success on the merits. In order for Appellant to justify a stay of the September 14, 2026 evidentiary hearing in the Bankruptcy Court, he must show a likelihood of success on the merits of his appeal. However, it is not clear from his notice of appeal what error Appellant believes occurred at the August 17, 2026 discovery hearing. Moreover, nowhere in Appellant's Emergency Motion to Stay, Docket No. 6, does Appellant identify the August 17 ruling that he complains about. He claims that "the Bankruptcy Court materially and improperly restricted the evidentiary record upon which the hearing will be conducted," *id*. at 1, but he does not explain how the evidentiary record at the September 14 evidentiary hearing will be so restricted. He later claims that the motion to stay "seeks to prevent merits adjudication . . . directed to the relationship between FSCU's already-attributed conduct and the broader post-discharge record that subsequently developed." *Id*. at 5. However, he does not explain what that means or what ruling Judge McNamara made that has led to this result.

Because the Emergency Motion to Stay fails to show any likelihood of success on the merits of the appeal, the Court will deny the motion. A failure to demonstrate one

factor means that the motion fails. *See Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014) (unpublished) ("a plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted").

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Appellant's Emergency Motion [Docket No. 6] is **DENIED**.

DATED September 14, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge