IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Case No. 1:26-cv-04067-PAB
(Bankr. No. 26-10040-TBM)

In re:

Justin Brian Gomez,

Debtor.

---

JUSTIN BRIAN GOMEZ,

Appellant,

v.

FIRST SERVICE CREDIT UNION,

Appellee.

---

**ORDER DISMISSING APPEAL**

---

## I. INTRODUCTION

This matter comes before the Court on Justin Brian Gomez's ("Appellant") appeal of the Bankruptcy Court's Minutes of Proceeding ("Order") [Bankr. Docket No. 69], which granted in part and denied in part Appellant's various requests to compel production of documents and granted in part and denied in part the motion for the protective order of First Service Credit Union ("Appellee"). Appellant concurrently filed a Motion for Leave to Appeal [Docket No. 3] ("Motion for Leave").

## II. BACKGROUND

In January 2026, Appellant, appearing *pro se*, filed a voluntary chapter 7 bankruptcy petition and received a discharge on April 13, 2026. On May 13, 2026, Appellant filed a motion for contempt and sanctions based on violations of the discharge injunction against Appellee [Bankr. Docket No. 29]. Appellee responded [Bankr. Docket No. 31], and Appellant requested a hearing on the matter [Bankr. Docket No. 33]. In June and July 2026, the parties served requests for production of documents. On August 5, 2026, Appellee filed a motion for protective order. Following an August 17, 2026 hearing on the matter, the Bankruptcy Court entered the Order.

## III. LEGAL STANDARD

Bankruptcy appeals are governed by 28 U.S.C. § 158, which provides that appeals from "final judgments, orders, and decrees" may be taken as of right. 28 U.S.C. § 158(a)(1). Interlocutory bankruptcy court orders, with limited exceptions not relevant here, may be appealed only "with leave of the court." 28 U.S.C. § 158(a)(1). The Tenth Circuit has held that "an order is final if it ends the litigation on the merits . . . . [T]he appropriate 'judicial unit' for application of these finality requirements in bankruptcy is not the overall case, but rather the . . . discrete controversy pursued within the broader framework cast by the petition." *Adelman v. Fourth Nat'l Bank and Tr. Co., N.A., of Tulsa (In re Durability, Inc.)*, 893 F.2d 264, 265–66 (10th Cir. 1990).

Generally, a trial court's order regarding pre-trial discovery is interlocutory and therefore cannot be immediately appealed. *Hooker v. Cont'l Life Ins. Co.*, 965 F.2d 903, 904–05 (10th Cir. 1992). Title 28 U.S.C. § 1292(b) allows discretionary review by a court of appeals over certain otherwise interlocutory non-appealable orders, and the majority of reviewing courts, including the Tenth Circuit BAP, have read the

requirements of 28 U.S.C. § 1292(b) into 28 U.S.C. § 158(a). *See, e.g.*, *In re Fox*, 241 B.R. 224, 232 (10th Cir. BAP 1999). Under 28 U.S.C. § 1292(b), an interlocutory appeal is appropriate when the order appealed involves (i) a controlling question of law (ii) for which there is substantial ground for difference of opinion, and (iii) the immediate resolution of the issue will materially advance the ultimate termination of the litigation. *Id*. at 232. Interlocutory review is reserved for exceptional circumstances. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (discussing "Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." (internal citation omitted)); *In re Denton*, 236 B.R. 418, 419 (10th Cir. BAP 1999) ("[G]ranting leave for interlocutory appeals should be done only in exceptional circumstances[.]").

## IV. APPELLANT'S ARGUMENTS

Appellant argues that leave to appeal the Order should be granted. In support, he claims that the appeal presents "controlling legal questions":

> Whether the Bankruptcy Court committed legal error or abused its discretion by granting FSCU relief under Fed. R. Civ. P. 26(c) without first determining and enforcing FSCU's compliance with Rule 26(c)(1)'s mandatory good-faith conferral prerequisite and L.B.R. 7026-1(d)(1)'s independent requirement that the parties "meet and confer in a meaningful way," where Debtor expressly challenged FSCU's certificate of conferral, supplied the underlying conferral record, and asserted noncompliance as an independent ground for denial of protective relief.
>
> a. Whether the Bankruptcy Court committed legal error or abused its discretion by treating counsel's certificate of conferral as sufficient after Debtor specifically controverted that certification with a documented factual record, without determining whether FSCU's actual prefiling conduct satisfied Rule 26(c)(1) and L.B.R. 7026-1(d)(1).
>
> b. Whether the Bankruptcy Court committed legal error or abused its discretion by granting FSCU protective relief without addressing Debtor's specifically preserved challenge to the conduct and representations of FSCU's counsel under the

professional-conduct standards expressly applicable in that Court, including Colo. RPC 3.3 and 3.4, where the challenged conduct concerned counsel's conferral certification, representations concerning discovery completeness and burden, and compliance with discovery obligations bearing directly on the procedural prerequisites and discretionary grounds for relief under Rule 26(c).

Whether the Bankruptcy Court committed legal error or abused its discretion in applying Fed. R. Civ. P. 26(b)(1) and 26(c) to materially restrict discovery concerning FSCU's knowledge, causation, bankruptcy and discharge processing, internal decision making, corrective action, institutional controls, and resulting harm after FSCU itself characterized the challenged conduct as an 'error' and the Court repeatedly characterized the alleged discharge violation as 'very minor' and unlikely to result in meaningful damages before discovery was completed and before liability, contempt, causation, or remedy had been adjudicated.

Whether the Bankruptcy Court committed legal error or abused its discretion by imposing documentary restrictions, substantially limiting Debtor's sole authorized Rule 30(b)(6) organizational examination, and requiring completion of all discovery within twelve days after entry of Dkt. 69, where the cumulative effect of those restrictions materially deprived Debtor of a meaningful opportunity to obtain, develop, and test the factual record necessary to adjudicate the pending contempt proceeding.

Whether the Bankruptcy Court committed legal error or abused its discretion by repeatedly treating Debtor's failure to re-notify FSCU of his bankruptcy and discharge during a post-discharge telephone call as material to FSCU's conduct, the scope and seriousness of the contempt proceeding, permissible discovery, causation, or damages, where FSCU had already received bankruptcy notice and no provision of 11 U.S.C. §§ 342, 521, or 524 or the Fed. R. Bankr. P. imposes a continuing duty upon a discharged debtor to re-notify an already-noticed creditor. Docket No. 3 at 16–18.

Additionally, Appellant argues these issues are controlling "because their resolution determines what factual record may be developed before adjudication." *Id.* at 19. Further, Appellant argues immediate review may materially advance the proceeding because "effective relief may require relitigation of entire proceedings." *Id.* at 20.

## V. DISCUSSION

A grant of leave to appeal is not warranted here. First, although Appellant's questions presented on appeal may be controlling, these questions do not raise

controlling *questions of law*. Appellant has failed to demonstrate how his issues on appeal raise anything but error or abuse of discretion in the application of facts to law. Whether the Bankruptcy Court applied the controlling law to the relevant facts is not an appropriate matter for an interlocutory appeal. *In re Fox*, 241 B.R. at 232; *In re Richard D. Van Lunen Charitable Found.*, No. 22-CV-02309, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023) (unpublished) (questions of law "typically involve law that is unsettled" and "district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation."). Additionally, Appellant fails to demonstrate that immediate review of the Order would advance the litigation given that an evidentiary hearing on the underlying motion has already taken place. Finally, Appellant has not presented the Court with any exceptional circumstances that would warrant hearing this appeal before its ultimate resolution.

## VI. CONCLUSION

Therefore, it is

ORDERED that Debtor's Motion for Leave to Appeal the Court's Order at DKT 69 Under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004 [Docket No. 3] is **DENIED**. It is further

ORDERED that this appeal is **DISMISSED.**

DATED September 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge